STATE OF VERMONT
ENVIRONMENTAL COURT

|  | } |  |
|---|---|---|
| Appeal of Robustelli Realty | } | Docket No. 255-12-05 Vtec |
|  | } |  |

## Decision on Cross-Motions for Summary Judgment

Appellant Robustelli Realty (Robustelli) appealed from the decision of the Town of Manchester (Town) Development Review Board (DRB) dated November 16, 2005, upholding the administrative opinion of the Zoning Administrator dated August 31, 2005, in which the Zoning Administrator determined that Robustelli's .57-acre lot located in Manchester Center (the "remainder lot") does not qualify as a pre-existing small lot, and thus is not developable under the current Manchester Zoning Ordinance (Ordinance). Robustelli is represented by Joseph J. O'Dea, Esq. and the Town is represented by Robert E. Woolmington, Esq. Interested Person J.P. Wickert is represented by W. Michael Nawrath, Esq. Now pending for the Court to consider are the parties' cross-motions for summary judgment.

## Factual Background

The parties have jointly filed a stipulated statement of undisputed facts. From that filing and the uncontested facts presented in the affidavit in support of the Town's motion, we note the following undisputed material facts:

1. In 1967, Ski Gateway Village, Inc. ("SGV"), acquired title to an approximately one-acre parcel of land near East Manchester Road in Manchester Center. It subsequently subdivided the parcel into seven lots, numbered 1 through 6, and a seventh, unnumbered lot.

2. In 1968, SGV conveyed Lots 1 and 2 to Andrew and Jean Robustelli.

3. In 1969, the Robustellis conveyed Lot 2 and the development thereon[1] to Nicholas and Merthap DiNapoli.

4. In 1969, SGV conveyed Lot 3 and the development thereon to Mario and Viola Scala.

---

[1] As noted in the parties' joint Stipulation of undisputed facts, some of the lots contained duplex buildings that straddled the lot boundaries. Because the nature of this development is not dispositive of the pending motions, we do not recite it here. This appeal does not involve a challenge to the legality of the development contained on Lots 1 through 6.

5.     In September of 1970, zoning was first adopted by the Town.  The Town thereafter continuously maintained zoning regulations.  At all times, the zoning ordinance contained a provision that defined lawful pre-existing small lots as "[a]ny lot in separate and non-affiliated ownership from surrounding properties . . . in existence on the effective date of [this ordinance provision], even though not conforming to minimum lot size requirements . . . ."

6.     The zoning ordinance enacted in 1970 and all amendments thereafter contained a provision that established a minimum lot size requirement of one acre for the zoning district in which the subject property lay.

7.     In 1971, the Robustellis conveyed Lot 1 and the development thereon to Thomas Martin.

8.     In 1971, SGV conveyed Lot 4 and the development thereon to Mark and Sunni Breen.

9.     In 1973, SVG conveyed Lots 5 and 6 and the partially completed development thereon to John Ward.

10.    After the sale of Lots 5 and 6 to John Ward, the only remaining property owned by SGV was the .57-acre un-numbered remainder lot which is the subject of this appeal.

11.    The remainder lot is located within the Single Residential zoning district.  The minimum lot size in that district continues to be one acre.

12.    A driveway over the remainder lot provides the only access from the public street to the adjoining lots.

13.    The remainder lot has been assessed as a separate lot (parcel #1907) since 1973.

14.    In 1999, SGV conveyed the remainder lot by quitclaim deed to Robustelli Realty, a Connecticut general partnership.

15.    The 1999 quitclaim deed from SGV to Robustelli Realty was signed by Andrew Robustelli.  At the time of the transfer of the remainder lot, Andrew Robustelli was the President of SGV, a shareholder in SGV, and a partner in Robustelli Realty.

**Discussion**

Robustelli advances three arguments in its motion for summary judgment.  It first argues that since the remainder lot was part of a common scheme of development that vested with the sale of the first parcels in 1968, prior to the adoption of zoning, it is improper to consider the current zoning ordinance in connection with Robustelli's application to now develop the

2

remainder lot. Second, Robustelli argues that since the Town failed to bring an enforcement action against SGV for the transfer of Lots 1–6, and since it was the transfer of those lots that created the remainder lot, the right to develop the remainder lot has vested. Lastly, Robustelli argues that since the remainder lot has existed and been assessed as a separate parcel since 1973, and was never the target of a Town enforcement action, that by virtue of the fifteen-year statute of limitation for municipal enforcement actions contained in 24 V.S.A. § 4496,[2] the Town is estopped from taking any regulatory action against the lot or to preclude its development.

The Town both replies in opposition to Robustelli's summary judgment motion and argues in its own motion for summary judgment that Robustelli cannot meet its burden of proving that the remainder lot is a lawful, preexisting small lot that may now be developed. For the reasons more particularly stated below, we find Robustelli's arguments unavailing and the Town's arguments persuasive. The facts, even when viewed in a light most favorable to Robustelli, lead us to only one conclusion: Robustelli's remainder lot does not meet the definition of a lawful pre-existing small lot, entitled to development under either applicable State law or the Manchester Zoning Ordinance.

The Ordinance provision for existing small lots, presently § 3.2, was first adopted by the Town in 1970, and subsequently amended in 1983 and 1994. All three variations mirror the applicable statute in requiring that the purported existing small lot be "in separate and unaffiliated ownership from surrounding properties and . . . in existence on" the effective date of the ordinance. 24 V.S.A. § 4412(2).[3]

Robustelli suggests that the manner in which the remainder lot was created can be viewed in one of two ways: that it was either created prior to zoning as part of a common scheme of development beginning with the sale of Lots 1 and 2 in 1968, or was created after the adoption of zoning through the transfer of the surrounding lots. Neither of these suggestions helps us conclude that the remainder lot fits into the definition of a lawful undersized lot entitled to be developed.

If the remainder lot was created as part of a common scheme of development prior to the Town's adoption of zoning in 1970, then the lot fails to meet the test for a developable pre-

---

[2] Robustelli's motion cites to the former statute. The municipal enforcement statute of limitations is now codified, in essentially the same form, at 24 V.S.A. § 4454.

[3] This statutory provision was previously codified at 24 V.S.A. § 4406(1). The provisions relevant to our analysis here are identical.

existing small lot provided in 24 V.S.A. § 4412(2) and Ordinance § 3.2, both of which require that the lot in question be "in separate and unaffiliated ownership from surrounding properties." It is uncontested that prior to the adoption of zoning in 1970, SGV was the common owner of the remainder lot and other lots adjacent to it. Therefore, if the remainder lot did exist prior to 1970, it was affiliated with and adjoining SGV's other lots when the Town adopted zoning in 1970.

If, on the other hand, the remainder lot did not come into existence until after the adoption of zoning, when the surrounding lots were sold, then it again fails to meet the test for a pre-existing small lot provided in 24 V.S.A. § 4412(2) and Ordinance § 3.2, both of which require that the lot in question be in existence prior to the adoption of zoning. This requirement is made especially clear by the title of each section: "Existing small lots" (emphasis added).

Robustelli cites Smith v. Winhall Planning Commission, 140 Vt. 178 (1981), for the proposition that "the right to review under existing regulations vests when an application is filed." Robustelli Mot. for Summ. J. at 2. But this citation appears to contradict Robustelli's claim of vested rights, since the only application filed in connection with the proposed development of the remainder lot was filed when the current zoning ordinance was in effect. There is no evidence that an application was ever previously filed in connection with the subject property.

In Smith, the town amended its zoning ordinance during the review process of plaintiff's previously filed subdivision application. The zoning ordinance was amended in a way that prohibited the type of development proposed by the plaintiff. The town then denied the application, and argued on appeal that the new ordinance controlled. The Supreme Court adopted the minority view of vested rights, holding that an applicant has a vested right to have its zoning application reviewed under the regulations in effect at the time a complete application is filed. Id. at 182; see also In re McCormick Management Co., Inc., 149 Vt. 585, 587 (1988) (synopsizing Smith).

Seven years later, in McCormick, the Supreme Court declined to extend its holding in Smith to circumstances similar to those presented here. In McCormick, the landowner claimed vested rights to develop parcels that were created just prior to the Town of Richmond's initial adoption of zoning and subdivision regulations. Mr. McCormick claimed that because his predecessor in title had filed a subdivision plat before the town adopted any zoning, he should be allowed 15 years later to develop the remaining lots without the need of complying with the

4

existing zoning regulations. The Court noted that "legislative policy would be wholly undermined by a vested rights rule that protected preexisting [and undeveloped] small lots that are in affiliated ownership [with] surrounding lots." McCormick at 589. The Court continued its analysis of Smith by holding that rights to develop a preexisting parcel only "vested" where a zoning amendment had been effected while a permit application was under consideration. The Court concluded that it would not be proper to allow the doctrine to apply "where the asserted vested right precedes the adoption of a zoning ordinance." McCormick at 590.

Robustelli asserts here that the Smith doctrine of vested rights should apply in the very type of factual scenario that the McCormick Court concluded should not give rise to a vested right to develop preexisting undersized lots. Robustelli's argument appears to be in direct conflict with applicable precedent. We therefore are compelled to reject it.

In short, the remainder lot was not in unaffiliated ownership if it was created prior to 1970, and was not preexisting if it was created after the 1970 adoption of zoning. We therefore hold that no right to develop the remainder lot can now be recognized under 24 V.S.A. § 4412(2) or Ordinance § 3.2. We also conclude that a right to develop the remainder lot did not vest under the precedent of Smith, in accordance with the Supreme Court's reasoning in McCormick.

Robustelli's final argument is that since the remainder lot existed since 1973, and since the Town never brought an enforcement action within the fifteen-year period under 24 V.S.A. § 4454(a) (former 24 V.S.A. § 4496(a)), the Town is now estopped from taking any regulatory action against or precluding the development of the remainder lot. The Town "acknowledges that no enforcement action could be brought today to require reconveyance of the [remainder lot]." Town Mem. in Opp'n at 2. However, the fact that the Town has not brought such an enforcement action is not relevant or germane to the current issue of developability of the remainder lot.

Robustelli has not yet commenced development activity on the remainder lot. The issue presented in this appeal is not the creation of the lot, but whether it may now be developed. Neither Robustelli nor its predecessors in title took any action that could be used to prosecute a zoning violation on the issue now presented: developability. We find it difficult to accept the suggestion that the prior creation or the mere holding of an undersized undeveloped lot was a violation of the Ordinance. However, the question of whether Robustelli or its predecessors in

title could have once been found liable for a zoning violation on those actions alone is not determinative of whether the undersized lot may now be developed.

The Town did not inform Robustelli that its remainder lot was undevelopable until Robustelli applied to develop it. That is not surprising. There has been no suggestion that the zoning ordinance prohibits the ownership of a non-conforming, preexisting and undeveloped parcel of land. Robustelli's argument is premised upon two misconceptions: first, that land is held in all instances only for its development potential and second, that Vermont municipalities have some affirmative duty or authority to investigate and prosecute the mere possibility that a landowner may want sometime in the future to use property in violation of the zoning ordinance.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that the Town's Motion for Summary Judgment is GRANTED, and Robustelli's Motion for Summary Judgment is DENIED. In so holding, we specifically conclude that, even when viewed in a light most favorable to Robustelli, the undisputed material facts require us to UPHOLD the August 31, 2005 determination of the Zoning Administrator that Robustelli's remainder lot does not qualify as a preexisting small lot, and thus is not developable under the Manchester Zoning Ordinance.

A Judgment Order accompanies this Decision.


Done at Berlin, Vermont this 25th day of October, 2006.


_____
Thomas S. Durkin, Environmental Judge